IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| DOUGLAS GREER | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 4-17-CV-425-A |
| | § | |
| JOHN DOE and THOMAS | § | |
| TRANSPORTATION | § | |
| Defendants. | § | |

PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Douglas Greer, hereinafter called Plaintiff, complaining of and about

JOHN DOE and Thomas Transportation, hereinafter called Defendant, and for cause of action

shows unto the Court the following:

DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

PARTIES AND SERVICE

2.      Plaintiff, Douglas Greer, is an Individual whose is a resident of Texas.

3.      The last four numbers of Douglas Greer's social security number are 4605.

4.      Defendant JOHN DOE, an Individual who's address is unknown at this time.

5.      Defendant Thomas Transportation is a foreign corporation and existing under the

laws of the State of Georgia whose registered office address is 1825 Oak Haven Drive, Albany,

Georgia 31701 and, pursuant to T.C.P.R.C. §17.044(b) may be served with process by serving

the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service

because Defendant Thomas Transportation engages in business in Texas but does not maintain a

regular place of business in Texas and has not designated or maintained a resident agent for

service of process in Texas.  This suit arises from Defendant Thomas Transportation doing

business in Texas.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

   a.      monetary relief over $100,000 but not more than $200,000.

8.      Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the

        Texas Civil Practice and Remedies Code because all or a substantial part of the

        events or omissions giving rise to this lawsuit occurred in this county.

9.      Venue in Tarrant County is proper in this cause.

## FACTS

10.     On  October 5th, 2015,  at  approximately  6:00 p.m.,  Douglas Greer was  driving

eastbound on Interstate 20 in Tarrant County, Texas when the  Defendant, JOHN DOE, failed to

maintain a proper lookout and speed, causing him to collide with the rear end of Plaintiff's

vehicle.

11.     As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatment.  The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained.

## RESPONDEAT SUPERIOR

12.     Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

## NEGLIGENCE PER SE

1.     Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to  protect the Plaintiff and class of persons to which she belongs.

2.     Defendants violated, among other safety rules, sections 542.206, 545.062 and 545.351  of the Texas Transportation Code, Rules 390.11, 391.11, 391.13, 392.6 of the Federal Motor Carrier  Safety Regulations, and other safety standards and regulations designed to protect against the type of  harm that resulted from Defendants' negligent and grossly negligent operation of the tractor trailer  involved in the incident in questions.

3.     These regulations provide minimum standards and do not allow for judgment or   discretion in whether or how to comply with the regulations.  The safety standards were

intended to   protect members of the public, including the Plaintiff Douglas Greer.  Defendants'

violation of these   safety rules, regulations, and industry safety standards constitutes *negligence*

*per se.*

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST JOHN DOE

4.      Plaintiff would show that Defendant JOHN DOE was the driver of a tractor-trailer

operated  for  profit.  Further,  Plaintiff  would  show  this  Court  that  the  negligent  acts  and

omissions of the Defendant JOHN DOE and statutory violations, as set out herein, separately  and

collectively,  were  a  direct  and  proximate  cause  of  the  incident  in  question  and  the  resulting

injuries  and  damages  sustained  by  Plaintiff.   Any  statutory  violations  constitute  negligence  *per*

*se.*

5.      Defendant's  violation  of  §545.351  of  the  Texas  Transportation  Code,  as  well  as

other  sections  of  the  Texas  Transportation  Code  and  the  Federal  Motor  Carrier  Safety

Regulations   constitutes  negligence  per  se.  These  rules  were  designed  for  the  protection  of  a

class  of  persons   including  Plaintiff.  Defendant's  violations  of  these  rules  and  statutes  created

a  risk  of  injury  to   Plaintiff  which  the  standards  were  designed  to  protect  against.  Such

negligence was a proximate  cause of the injuries and damages suffered by the Plaintiff.

6.      The negligent, careless and reckless disregard of the duty owed by Defendant

JOHN DOE also consisted of, but is not limited to, the following acts and omissions:

      a.     failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

      b.     failing to yield as a person of prudent care would have done;

      c.     operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    d.     failing to apply the brakes to his motor vehicle in a timely and prudent manner;

    e.     failing to control his speed and driving at an unsafe speed in violation of §545.351 of the Texas Transportation Code;

    f.     failing to take reasonable care in controlling his vehicle;

    g.     operating his vehicle without due regard for the rights of others;

    h.     driver inattention;

    i.     failure to control his vehicle;

    j.     violating §545.351 of the Texas Transportation Code;

    k.     failing to comply with the Federal Motor Carrier Safety Regulations; and

    l.     such additional acts of negligence, which will be established as the case progresses.

## PLAINTIFF'S CAUSE OF ACTION AGAINST THOMAS TRANSPORTATION

7.    The negligent acts and omissions of Defendant Thomas Transportation and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per* se. More specifically, Defendants violated §545.351 of the Texas Transportation Code, among others, as well as sections of the Federal Motor Carrier Safety Regulations.

8.    Defendants' violations of these rules and statutes created a risk of injury to Plaintiff which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiff.

9.    Defendants' negligent acts and omissions also include, among others, the following:

    a.     At the time and on the occasion in question, Defendant JOHN DOE was in the course and scope of his employment with Defendant Thomas Transportation by virtue of the theory of respondeat superior, Defendant Thomas Transportation is liable for all acts and omissions of negligence of its agent, employee, or representative, Defendant JOHN DOE;

b.  entrusting the vehicle to Defendant JOHN DOE when Defendant Thomas Transportation knew or should have known that Defendant JOHN DOE was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

c.  failing to properly train Defendant JOHN DOE in the operation of the vehicle in question;

d.  hiring and entrusting incompetent drivers, including JOHN DOE, with the right to operate a commercial motor vehicle;

e.  failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

f.  failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations; and

g.  such other acts of negligence, which will be established as the case progresses.

10.     Defendant's conduct was conducted with reckless disregard of the safety of others, including Plaintiff, and conscious indifference to the rights, welfare and safety of those persons affected by it, including Plaintiff.

## GROSS NEGLIGENCE

11.     Plaintiff respectfully shows this court and jury that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

12.     Plaintiff would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

13.     Additionally, Defendant Thomas Transportation is grossly negligent as a result

of recklessly hiring and entrusting a commercial motor vehicle to JOHN DOE, who was

unqualified, through training and/or experience, to operate a commercial motor   vehicle. The

reckless hiring of and entrusting a commercial motor vehicle to JOHN DOE, who   was unfit to

operate a commercial motor vehicle, proximately caused Plaintiff's damages.

14.     As such, Defendants are grossly negligent and should be subjected to exemplary

damages.

## DAMAGES FOR PLAINTIFF DOUGLAS GREER

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff Douglas Greer has suffered severe injuries and incurred the following damages:

a.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Douglas Greer, for the necessary care and treatment of the  injuries resulting from the accident complained of herein and such charges  are reasonable and were usual and customary charges for such services;

b.     Reasonable and necessary medical care and expenses that will, in all  reasonable probability, be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering that will, in all reasonable probability, be suffered  in the future;

e.     Physical impairment in the past;

f.     Physical impairment which, in all reasonable probability, will be suffered in  the future;

g.     Mental anguish in the past;

h.     Mental anguish which, in all reasonable probability, will be suffered in the  future;

i.     Loss of earnings and/or earning capacity in the past;

j.     Loss of earning capacity, which, in all probability, will be incurred in the  future;

k.     Disfigurement in the past and future; and

n.     Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Douglas Greer, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Godsey Martin, P.C.

By:  /s/Ryan E. Rogers
Ryan E. Rogers
Texas Bar No. 24011200
1909 Woodall Rodgers Freeway, Suite 200
Dallas, TX 75201
Tel. (214) 744-3339
Fax. (972) 301-2444
Eservice: GMLIT@gmfirm.com
Attorney for Plaintiff
Douglas Greer